| | |
|---|---|
| 1 | MANATT, PHELPS & PHILLIPS, LLP |
| | ESRA A. HUDSON (Bar No. CA 202881) |
| 2 | ehudson@manatt.com |
| | RYAN P. PATTERSON (Bar No. CA 305894) |
| 3 | rpatterson@manatt.com |
| | BRIANA D. WILLIAMS (Bar No. CA 324934) |
| 4 | bwilliams@manatt.com |
| | 11355 West Olympic Boulevard |
| 5 | Los Angeles, CA 90064-1614 |
| | Telephone: (310) 312-4000 |
| 6 | Facsimile: (310) 312-4224 |
| 7 | *Attorneys for Defendant* |
| | WARNER BROS. ENTERTAINMENT INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL GREEN, | Case No. |
| Plaintiff, | State Case No. 18STCV10045 |
| vs. | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| WARNER BROS. ENTERTAINMENT, INC.; WARNER BROS. ANIMATION, INC.; LORIANA SHEDLOCK; BOBBIE PAGE; AND DOES 1-10, INCLUSIVE, | [Filed concurrently with:<br>(1) Civil Cover Sheet;<br>(2) Declaration of Esra A. Hudson;<br>(3) Corporate Disclosure Statement;<br>(4) Notice of Interested Parties; and<br>(5) Notice to Adverse Parties] |
| Defendants. | Action filed: December 27, 2018 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Warner Bros. Entertainment Inc. ("Defendant"), by and through its counsel, hereby removes this action originally filed in the Superior Court for the State of California, County of Los Angeles, Case No. 18STCV10045 ("State Court Action"), to the United States District Court for the Central District of California. Defendant removes this action pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of federal question subject matter jurisdiction under 28 U.S.C. § 1331, and states the following grounds for removal:

## PROCEDURAL BACKGROUND

1. Plaintiff Russell Green ("Plaintiff") initiated the State Court Action against Defendant by filing an unverified complaint in the Superior Court for the State of California, County of Los Angeles, Case No. 18STCV10045 ("Complaint").

2. Copies of all process, pleadings, or orders filed in the State Court Action are attached as Exhibit A to the concurrently filed Declaration of Esra A. Hudson. Exhibit A constitutes the complete record of all records and proceedings in the State Court Action within the meaning of 28 U.S.C. § 1446(a).

3. Defendant was first served with the summons and complaint on January 2, 2019. Removal in this action is therefore timely, in that Defendant has filed this Notice of Removal within 30 days of receiving the summons and complaint. *See* 28 U.S.C § 1446(b)(1).

4. Three other defendants have been named in the Complaint, including Warner Bros. Animation Inc., and individuals Loriana Shedlock and Bobbie Page. However, as of the date of this Notice of Removal, only Defendant has been served with a copy of the summons and complaint, and none of Warner Bros. Animation Inc., Loriana Shedlock, or Bobbie Page have been properly joined and served

1  within the meaning of 28 U.S.C. § 1446(b).

2      5.    Defendant removes this case under 28 U.S.C. § 1441(a) as an action over which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because it arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*

## NATURE OF THE CASE

6.    Plaintiff alleges that he is a qualified individual with a disability under the ADA. (Complaint, ¶¶ 102, 103.) Specifically, "[s]uch disability, in each instance, involved a series of emotional distress and psychological damage which substantially limited Plaintiff's mental and physical ability to perform their normal job duties without a reasonable accommodation." (Complaint, ¶ 102.) Plaintiff further alleges that he "was subject to disparate treatment, harassment and a hostile work environment by the Defendants on an ongoing basis until, at the latest, such time as the Corporate Defendant constructively and/or actually terminated Plaintiff's Employment." (Complaint, ¶ 102.)

8.    Plaintiff also alleges that he "notified Defendants of both each disability, in writing and verbally, which imposed separate duties on Defendants to engage in a good faith interactive process and to make reasonable accommodations … under the ADA." (Complaint, ¶ 102.) Additionally, Plaintiff alleges that "Defendants failed and refused to engage in a good-faith, interactive process and failed and refused to offer and/or maintain a reasonable accommodation to Plaintiff." (Complaint, ¶ 103.) Finally, Plaintiff alleges that "Defendants failed and refused to address such complaints and/or any other discriminatory conduct … intentionally harassed, mistreated and created an even more hostile environment … and retaliated against" Plaintiff. (Complaint, ¶¶ 11-12.)

9.    In the Complaint, Plaintiff asserts six causes of action against Defendant: (1) "Employment Discrimination (Race) – Hostile Environment," (2) Employment Discrimination (Race) – Disparate Treatment," (3) "Employment

Discrimination (Retaliation)," (4) "Employment Discrimination (Unlawful Harassment," (5) "Wrongful/Constructive Termination," and (6) "Employment Discrimination (Disability)." For Plaintiff's sixth cause of action, Plaintiff alleges he "was not afforded the benefit of … [the] ADA as it related to such Plaintiff's disability." (Complaint, ¶ 105.)

10. Plaintiff seeks general and special damages, punitive damages, attorneys' fees and costs, interest, and other affirmative relief as the Court deems just and proper. (Complaint, Prayer for Relief, ¶¶ 1-6.)

## GROUNDS FOR REMOVAL

### Removal Based on Federal Question Jurisdiction

11. An action "arises under" federal law within the meaning of 28 U.S.C. § 1331 if federal law creates the cause of action and/or grants federal jurisdiction to hear the case. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). The plaintiff's complaint controls whether federal jurisdiction exists, and any federal issue must be an essential element of the plaintiff's cause of action. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11 (1983).

12. It is evident from the face of the Complaint that Plaintiff's sixth cause of action is brought under the ADA, 42 U.S.C. §§ 12101 et seq., a federal statute over which federal courts properly exercise original jurisdiction under 28 U.S.C. § 1331. Since the above-described action arises under the employment title of the ADA § 102, 42 U.S.C. § 12111, this Court would have original jurisdiction of this action without regard to the amount in controversy, or diversity of citizenship; the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

### Supplemental Jurisdiction Over State Law Causes of Action

13. Under 28 U.S.C. § 1367(a), the Court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action … that they form part of the same case or controversy …."

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

14. As set forth above, Plaintiff brings state law causes of action for discrimination, harassment, retaliation, and wrongful termination, along with his federal ADA cause of action in the Complaint. Each of Plaintiff's causes of action are based on the same factual allegations stemming from his employment. Plaintiff also seeks the same relief for the state law causes of action and federal cause of action. Accordingly, the Court should exercise supplemental jurisdiction over Plaintiff's state law causes of action because they form part of the same case or controversy as Plaintiff's ADA cause of action.

## VENUE

13. Under 28 U.S.C. § 1446(a), (b), and (d), this action, which was filed in the Superior Court for the State of California, County of Los Angeles, may be removed to the United States District Court for the Central District of California, which embraces the County of Los Angeles within its jurisdiction.

## SERVICE OF NOTICE OF REMOVAL

14. Under 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of this removal to the Superior Court for the State of California, County of Los Angeles.

## CONCLUSION

WHEREFORE, Defendant, having satisfied all requirements for removal pursuant to 28 U.S.C. § 1446, respectfully submits this Notice of Removal, requests that the State Court Action be removed, and requests that the Court assume full jurisdiction over the case herein as provided by law.

| | |
|---|---|
| Dated: February 1, 2019 | MANATT, PHELPS & PHILLIPS, LLP<br>Esra A. Hudson<br>Ryan P. Patterson<br>Briana D. Williams |
| | By: /s/ Esra A. Hudson<br>Esra A. Hudson<br>*Attorneys for Defendants*<br>WARNER BROS. ENTERTAINMENT INC. |

321667661.1

## PROOF OF SERVICE

I, Sharron Tarry, declare as follows:

I am employed in Los Angeles County, Los Angeles, California. I am over the age of eighteen years and not a party to this action. My business address is MANATT, PHELPS & PHILLIPS, LLP, 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On February 1, 2019, I served the within:

## NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

on the interested parties in this action addressed as follows:

> **Michael S. Traylor, Esq.**
> **9018 Balboa Blvd., Suite 352**
> **Northridge, CA 91325**
> **T: (310) 567-2789**
> **F: (661) 296-9965**
> **traylorlawoffice@gmail.com**

[x] **(BY MAIL)** By placing such document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Manatt, Phelps & Phillips, LLP, Los Angeles, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

[x] **(BY E- SERVICE)** I caused each such document to be served by United States District Court - Central District using its electronic filing system, which will send notification of such filing to the e-mail addresses denoted on the case's Electronic Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 1, 2019, at Los Angeles, California.

_____
Sharron Tarry

321756734.1