Electronically FILED by Superior Court of California, County of Los Angeles on 12/27/2018 09:07 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Monterroso,Deputy Clerk
18STCV10045

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Warner Bros Entertainment, Inc., Warner Bros. Animation, Inc.,
LORIANA SHEDLOCK, BOBBIE PAGE AND DOES 1-10,
INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RUSSELL GREEN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|

L.A. SUPERIOR COURT, 111 N. HILL ST.
LOS ANGELES, CA. 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael S. Traylor (SBN 136814), 9018 Balboa Blvd., Suite 352, Northridge, CA. 91325 (310) 401-6610

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)*   12/27/2018 | Clerk, by<br>*(Secretario)*   Rosa Monterroso | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

**Save This Form**   **Print This Form**   **Clear This Form**   For your protection and privacy, please

Electronically FILED by Superior Court of California, County of Los Angeles on 12/27/2018 09:07 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Monterroso,Deputy Clerk
18STCV10045

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mark Mooney

Michael S. Traylor, Esq. (SBN 136814)
9018 Balboa Blvd., Suite 352
Northridge, CA. 91325
(310) 567-2789 telephone
(661) 296-9965 facsimile
traylorlawoffice@gmail.com

Attorney for Plaintiff Russell Green

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR LOS ANGELES COUNTY

STANLEY MOSK COURTHOUSE

| | |
|---|---|
| RUSSELL GREEN<br><br><br><br>Plaintiffs<br><br>vs.<br><br>WARNER BROS. ENTERTAINMENT, INC.,<br>WARNER BROS. ANIMATION, INC.,<br>LORIANA SHEDLOCK, BOBBIE PAGE<br>AND DOES 1-10, INCLUSIVE<br><br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>1. Employment Discrimination (Race)-<br>   Hostile Environment;<br>2. Employment Discrimination (Race)-<br>   Disparate Treatment;<br>3. Employment Discrimination (Retaliation);<br>4. Employment Discrimination (Unlawful<br>   Harassment);<br>5. Wrongful/Constructive Termination<br>6. Employment Discrimination (Disability)<br><br>Request for Jury Trial |

COMES NOW, Plaintiff RUSSEL GREEN alleging upon information and belief and filing this Complaint, as follows:

## PARTIES, JURISDICTION AND VENUE

1.  (a) Plaintiff (sometimes herein referred to as "Plaintiff", "Plaintiff" and/or "Plaintiffs" interchangeably) alleges that:

i) Plaintiff RUSSELL GREEN is an African-American, female over the age of forty (40). Accordingly said Plaintiff is a member of one (1) or more "protected classes" of persons under the California Fair Employment and Housing Act ("FEHA").

ii) Plaintiff was subject to discrimination, harassment, retaliation and other unlawful conduct under FEHA by each of the named Defendants, the Supervisors (as defined hereinbelow) and each of them as a result of Plaintiff's protected status.

ii) Plaintiff further alleges that each of the Defendants did intentionally and recklessly create, maintain, condone and knowingly permit a hostile and toxic work environment to exist for Plaintiff and other similarly-situated employees who are each protected based upon each protected status (by FEHA) which is applicable to Plaintiff, as alleged herein. Such conduct was (and is) in violation of FEHA, other laws and is contrary to the public policy(ies) of the State of California. In this environment, Plaintiff was treated in a disparate, unfair and hostile manner as more fully described hereinbelow. Plaintiff was further harassed and retaliated against for making lawful, legitimate complaints of such conduct and/or seeking protections offered pursuant to FEHA and California law.

iii) Plaintiff further alleges that the Corporate Defendant's (as defined hereinbelow) senior management has further ratified and condoned the unfair and discriminatory treatment alleged herein by imposing, promulgating, endorsing and intentionally turning a blind-eye toward such conduct and a culture of discrimination which runs rampant throughout the

Corporate Defendant's offices and each work location applicable to Plaintiff's employment. In this regard, Defendants and the Supervisors have consistently and intentionally failed and refused to encourage, take reasonable steps toward and/or require other managers and supervisors to comply with the applicable provisions of FEHA. Similarly, such conduct violates other laws, the public policy of the State of California and the Corporate Defendant's feigned, written policies against unlawful discrimination, harassment and retaliation in the workplace.

(b) The Corporate Defendant employs various managers and supervisors who are (and were at all relevant times) "supervisors" as defined by FEHA because each of them have and/or had the authority to hire, transfer, suspend, layoff, recall, promote, discharge, assign, reward, or discipline Plaintiff. Each such person is also a "supervisor" under FEHA because they had the responsibility to direct Plaintiff and to address Plaintiff's grievances effectively and to recommend the foregoing and other related actions to the Corporate Defendant.

(i) These managers and supervisors (the "Supervisors") engaged in unlawful harassment under FEHA and is individually and personally liable to Plaintiff therefor pursuant to Government Code Section 12940(j)(3) and otherwise pursuant to FEHA. Each such Supervisor also separately caused the Corporate Defendant to be vicariously and/or strictly liable for the other discriminatory and retaliatory conduct alleged herein.

(ii) Each such Supervisor not only engaged in the harassing, discriminatory and retaliatory conduct described herein; but was also personally aware of the foregoing (and the conduct described herein) taking place. Each such Supervisor had a duty under FEHA and pursuant to the Corporate Defendant's stated policies on discrimination to stop (and take reasonable measures to stop), yet failed to stop (and/or take reasonable steps to stop), the harassing, discriminatory and retaliatory conduct described herein. In fact, as part of the discriminatory, harassing and retaliatory culture of the Defendants, each such Supervisor was not

only encouraged and required to do so by Defendants; but they each aided and abetted each of the Defendants in continuing such unlawful harassment, discrimination and retaliation.

(iii)  Plaintiff alleges that the Supervisors have created, maintained, condoned and knowingly permitted retaliation to occur against complaining employees who are (and are not) African-American, over the age of forty (40) years, female and/or employees suffering from disabilities (including Plaintiff) who make formal and/or informal complaints about the unlawful and discriminatory treatment alleged herein.  Such employees are treated more harshly after such complaints are made and efforts are made by their Supervisors to force them to voluntarily resign (i.e., constructive termination) or otherwise cease, drop and/or refrain from making legitimate complaints of discrimination, harassment and retaliation against Defendants. Furthermore, those complaining employees are falsely and summarily informed by Defendants that their complaints have no merit, without any reasonable investigation into such claims.  More specifically, when Plaintiff complained about the conduct alleged herein; they were threatened, unfairly criticized, falsely accused of poor performance and other conduct designed to have a chilling effect on the complaint process. Again, Plaintiff further alleges that the Defendants have further ratified and condoned the retaliatory treatment alleged herein by failing and refusing to take reasonable steps to minimize retaliation for complainants of unlawful discrimination (including Plaintiff) in the workplace, violating the prohibition of retaliation by FEHA and the Corporate Defendant's stated policies against discrimination and retaliation.

(iv)  Each Supervisor also instructed other employees of the Corporate Defendant to further harass, intimidate, mistreat, retaliate against and disrupt Plaintiff's work environment in an effort to discourage and institute fear, worry and emotional distress for Plaintiff due to their complaining about the discrimination alleged herein.  Such conduct and harassment was specifically designed to force Plaintiff to abandon Plaintiff's complaints and to quit Plaintiff's job. Each Defendant was aware of such conduct and took no efforts to avoid it. In fact, each Defendant approved, condoned, consented to and supported the conduct and engaged

4

in a consistent and ever-escalating pattern of retaliation (including intensifying the Retaliatory Conduct alleged herein) against Plaintiff.

      (d)  Plaintiff asserts and alleges that the discriminatory conduct alleged herein is systemic and applied by Defendants on a regular and ongoing basis as it relates to the protected groups referenced herein. Specifically, that the Defendants systemically discriminate against African-American and female employees and retaliate against those African-American and female employees who complain as well as employees who resist, disclose and/or complaint regarding such treatment. This conduct is particularly prevalent and the Supervisors engage(d) in such conduct as a matter of course and policy as it relates to all such employees.

    2. At all relevant times mentioned herein, Defendants:

      (a) WARNER BROS. ENTERTAINMENT, INC. AND WARNER BROS. ANIMATION, INC. (sometimes collectively to referred herein as the "Corporate Defendant") is each a corporation believed to be organized and existing under the laws of the State of Delaware with a principal place of business and having its nerve center within the County of Los Angeles, State of California.  Additionally, the Corporate Defendant is:

        i)  an "employer" pursuant to FEHA regularly employing five (5) or more persons (including Plaintiff), bringing them within the provisions of Section 12900 et seq. of the Government Code prohibiting employers and/or their agents from harassing and discriminating against employees on the basis of race, gender, disability, etc.;

        ii) subject to California Government Code Section 12940 and the balance of FEHA which, among other things, provides:

> *It is an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California:*
>
> *(a) For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity,*

> *gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.*
> *...*
>
> *(h) For any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part.*
>
> *(i) For any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this part, or to attempt to do so.*
>
> *(j) (1) For an employer... or any other person, because of race, ... age, [etc.] to harass an employee... or a person providing services pursuant to a contract. Harassment of an employee ..., or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. ... An entity shall take all reasonable steps to prevent harassment from occurring*
>
> *(k) For an employer... to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.*

iii) required under FEHA to provide training which discusses the steps necessary to remedy harassing behavior (including investigation of complaints), Supervisors' obligations to report harassment, discrimination and retaliation of which they become aware and the negative effects of "abusive conduct" on victim and employer by reducing productivity and morale. In addition, Defendants are required to comply with documentation and record-keeping requirements (including maintaining sign-in sheets, certificates of attendance or completion, and a copy of training materials).

iv) strictly liable for Supervisors who discriminate against and harass their fellow employees (including Plaintiff) pursuant to California Gov't Code §12940(j)(1).

(b) The Corporate Defendant employees each of the Supervisors. Each such Supervisor is an agent and officer of the Corporate Defendant and at all relevant times acted on behalf of the Corporate Defendant in creating, condoning, ratifying discrimination, harassment and retaliation against Plaintiff herein. The Supervisors are subject to California Government Code Section 12940(i) and prohibited thereby from aiding, abetting, inciting, compelling and/or coercing the doing of any of the acts forbidden under FEHA and/or attempting to do so. They are also each subject to the California Government Code Section 12940(j)(1) and can be held personally liable for "harassing" employees (including Plaintiff) due to their race and age, as applicable, pursuant to California Government Code Section 12940(j)(3).

(i) Defendant LORIANA SHEDLOCK (sometimes referred to as a "Supervisor") is each an individual who works and/or resides in the County of Los Angeles, State of California, who has been authorized by the Corporate Defendant as the person who has (and had) full authority to manage, oversee, supervise, make decisions and bind the Corporate Defendant as it relates to the matters alleged herein and, in that capacity, was given supervisory authority by the Corporate Defendant over Plaintiff in the State of California, County of Los Angeles. Accordingly, said Defendant was a "Supervisor" as that term is used herein.

(ii) Defendant BOBBIE PAGE (sometimes referred to as the "Supervisors") is each an individual who works and/or resides in the County of Los Angeles, State of California, who has been authorized by the Corporate Defendant as the person who has (and had) full authority to manage, oversee, supervise, make decisions and bind the Corporate Defendant as it relates to the matters alleged herein and, in that capacity, was given supervisory authority by the Corporate Defendant over Plaintiff in the State of California, County of Los Angeles. Accordingly, said Defendant was a "Supervisor" as that term is used herein.

(c) In addition, Plaintiff is ignorant of the true names and capacities of

7

defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff are informed and believe and thereon allege that each of the fictitiously named defendants is actually responsible in some manner for the occurrences herein alleged, and each of Plaintiff's injuries as herein alleged were actually and proximately caused by Defendants' actions and/or omissions.

(d) At all times mentioned in this Complaint, the Corporate Defendant employed persons (including each of the Supervisors) whom were given supervisorial and other authority over Plaintiff and Plaintiff' internal complaints against each Defendant. Defendants Supervisors each received complaints of discrimination and harassment from Plaintiff and acted as the voice of the company and the main company officers in addressing (and ultimately disrupting, terminating, disposing of and causing the imposition of retaliatory punishment toward Plaintiff for making) those complaints. The Corporate Defendant knew about the complaints of discrimination and harassment by Plaintiff. Defendants and their officers and directors expressly and impliedly directed the Supervisors to comply with the Corporate Defendant's culture of discrimination and retaliation and refrain from taking corrective action to take the allegations seriously, investigate the allegations, use reasonable steps to minimize the risk of discrimination, harassment and retaliation, etc. as required by FEHA. Instead, the Defendants engaged in, instructed the Supervisors and managers to engage in and implement a retaliatory strategy which was designed to dissuade Plaintiff from pursuing their claims. In fact, Defendants each disrupted and terminated the complaint process for Plaintiff in furtherance of the Defendants' joint objectives to avoid responsibility and liability for correcting the hostile, discriminatory, retaliatory and harassing environment described herein and to discourage employees (including each of the Plaintiff) from making such complaints.

(e) Plaintiff is informed and believes and thereon alleges that in connection with the acts and omissions alleged herein, each and all of the Defendants named herein, together with

those unknown to Plaintiff, entered into a partnership, employment, joint venture, and/or principal-agent relationship to carry our all of the acts and omissions herein alleged. At all times herein mentioned, each such Defendant has been and continues to be the employees, agents, partners, employers, principals, and/or joint venturers of each of their Co-Defendants, and in acting and omitting to act as alleged herein, acted and/or failed to dutifully act: (i) both on their own behalf and on behalf of their employees, agents, partners, employers, principals, and/or joint venturers; (ii) within the course and scope of and pursuant to Plaintiff's employment, agency, joint venture and/or partnership; and (iii) with the authorization, direction, ratification, and adoption of their employers, principals, joint venturers, partners, employees, and/or agents. Accordingly, each of them are jointly and severally liable and/or vicariously liable for the conduct of each of the others. Plaintiff may seek leave of court to allege the exact nature of such interrelationships when the same are fully ascertained.

(f) Defendants, and each of them, engaged in a civil conspiracy to deprive Plaintiff of Plaintiff's rights and to cause Plaintiff injury, harm and damages. Each Defendant aided and abetted the other in furtherance of the civil conspiracy with actual, inquiry and constructive knowledge of the commission of each of the unlawful acts alleged herein. At the center of the conspiracy is a central team of decision-makers, officers, managers, members and senior executives of each whom acted in concert with each of the Defendants and each other in furtherance of the unlawful activity alleged herein.

(g) Those Defendants who purport to have limited liability due to their status as a partnership, corporation and/or limited liability company have lost such protection and should have their so-called "corporate veil" pierced due to the fact that they did not comply with the formal requirements necessary to maintain such veil of limited liability and acted as individuals and with a unity of interest and ownership between the purported entity and its owner(s) such that it would be unfair if the acts in question are treated as those of the purported entity alone.

9

3.  Venue lies in the Los Angeles County Superior Court in that Defendant operate its businesses in the County of Los Angeles, State of California and takes advantages of resources, laws and benefits offered to companies who operate, conduct business and employ persons in the County of Los Angeles, State of California. Defendants' culture of discrimination and its systemic discrimination emanated from its offices in the County of Los Angeles, California. Defendants committed many of their unlawful practices in the County of Los Angeles, State of California and within this judicial district.  Defendants maintained and continue to maintain records relevant to such practices alleged herein in the County of Los Angeles, State of California and within this judicial district.  Defendants administered and continue to administer records and practices relevant to the discriminatory practices alleged herein in the County of Los Angeles, State of California.   But for Defendants' discriminatory practices, Plaintiff would have had promotion opportunities and access to projects, information and other benefits which were based in the County of Los Angeles, California office and within this judicial district.  Likewise, some of the executives who are in charge of Plaintiff' work, duties, assignments and the websites for which Plaintiff worked are located in this judicial district and maintain their offices and files in those locations.  As alleged hereinbelow, the discrimination suffered by Plaintiff is systemic and arises out of the conduct (and lack thereof), corporate culture, decisions, staffing, human resources approach and executive level decisions which are all made in the County of Los Angeles.

4.  Plaintiff filed a discrimination complaint against the Defendants with the California Department of Fair Employment and Housing ("DFEH"). In connection with each claim contained herein which is subject to the California Fair Employment and Housing Act ("FEHA"), Plaintiff received a notice signifying that Plaintiff has exhausted Plaintiff's administrative remedies under FEHA. In addition, by filing such claims and by notifying the Defendants through their attorneys and internal processes (in addition to filing such

administrative complaints); Plaintiff has fully complied with any notice requirements under California Law.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Defendants have a long history of operating their businesses in a discriminatory and harassing manner as it relates to individuals protected by FEHA [more specifically, California Government Code Sections 12940(a) and 12940(h)-(k)] and similar laws. Such practices include harassment, disparate and the discriminatory treatment of their employees and the maintenance of a hostile work environment for protected classes of employees, including Plaintiff, as alleged herein and otherwise. This history has produced a culture of racism, sexism, discrimination, harassment and retaliation which is so pervasive as it adversely affects the entire office; but such conduct is especially intense and harshly directed toward African-American and other FEHA-protected employees.

6. Defendants, and each of them, during Plaintiff's employment, failed and refused to properly train, screen, conduct background checks, supervise, reprimand, direct and instruct its senior management personnel in a manner at or above the standard of care and in accordance with Defendants' stated policies and the laws of the State of California as all of same relate to maintaining and promoting a work environment which is free of discrimination and harassment based upon gender, pregnancy, race, ethnicity, marital status, age and other protected classes. Defendants failed and refused to properly address complaints of discrimination and/or to undertake any effective measures to address, minimize and/or eliminate discriminatory practices in the workplace. Moreover, Defendants had actual, constructive and inquiry knowledge that the workplace was discriminatory and that a hostile environment for these protected classes of persons existed. Notwithstanding such knowledge, Defendants (and their managing agents,

officers, directors, senior executives, etc.) took no action; and, in fact, participated in, supported and condoned such discrimination.

7. During Plaintiff's entire employment; Defendants along with the Supervisors created, encouraged, condoned, permitted, allowed and refused to take any reasonable steps to correct the hostile and discriminatory work environment.  Plaintiff along with other employees who are protected from discrimination in their employment on the basis of race, gender, age, disability, etc. by FEHA (collectively the "Protected Employees") were treated in an inequitable, unfair, discriminatory and disparate manner due to their protected status; while other, non-protected classes of employees were not subjected to such conduct.  These Protected Employees, including Plaintiff (on the basis alleged hereinbelow), were subject to considerably less favorable working conditions and severe and blatant disparate treatment from their non-protected counterparts. The workplace was permeated by disparate treatment and harassment of these Protected Employees and more favorable treatment of employees who are not members of any protected class. In this regard, Defendants engaged in the following conduct (the "Hostile Conduct") directed toward against Plaintiff and other Protected Employees because of their protected status under FEHA:

a) Protected Employees (including, without limitation, Plaintiff) were provided with lesser resources, lesser support and lesser quality assignments than their non-protected counterparts;

b) Protected Employees (including, without limitation, Plaintiff) were not given credit for their accomplishments and achievements as freely as their non-protected counterparts);

c) Protected Employees (including, without limitation, Plaintiff) were given more menial assignments and multiple functions than their non-protected counterparts;

d) Protected  Employees (including, without limitation, Plaintiff) were compensated less favorably than their non-protected counterparts and received lesser job benefits and "perks" than those non-protected counterparts;

e) Protected Employees (including, without limitation, Plaintiff) were more harshly criticized, disciplined and received inaccurate and unfair performance reviews as compared to their non-protected counterparts;

f) Protected Employees (including, without limitation, Plaintiff) were not promoted as frequently as their non-protected counterparts who typically had the same and/or lesser experience, background and performance;

g) Protected Employees (including, without limitation, Plaintiff) were overlooked and their professional opinions ignored and flippantly dismissed as opposed to those of their white counterparts;

h) Protected Employees (including, without limitation, Plaintiff) were subject to rude, cruel, untrue, harsh, discriminatory, stereotypical, negative and derogatory comments being made by non-protected employees in the workplace which severely disrupted the workplace and severely interfered with the ability of Plaintiff and other Protected Employees to perform their job duties;

i) Protected Employees (including, without limitation, Plaintiff) were forced to quit, victims of attempted constructive termination, terminated, refused the opportunity to be re-hired, given poor employment references, denied post-employment resources and benefits and defamed, ridiculed and maligned after Plaintiff's employment;

j) Protected Employees (including, without limitation, Plaintiff) were generally treated in a discriminatory, unfair and inferior manner which severely disrupted the workplace and severely interfered with the ability of Plaintiff and other Protected Employees to perform their job duties;

k) Protected Employees (including, without limitation, Plaintiff) were unfairly and disparately denied access to meetings, information, resources, correct information and other assistance that was available to their non-protected counterparts;

l) attempts were made to limit, restrict and change the job functions and/or profile of those job functions of Protected Employees (including Plaintiff) in an effort to make same appear less important, lower-profile and more menial;

m) Protected Employees (including, without limitation, Plaintiff) were unfairly denied and/or limited in connection with bonuses, promotions and key assignments;

n) Defendants obviated and refused to follow their practices and policies to the detriment of Protected Employees (including, without limitation, Plaintiff);

o) making inappropriate racist, sexist, stereotypical and unprofessional comments about Protected Employees in the workplace and to and about Plaintiff.

8. Plaintiffs and other employees complained about all of the foregoing as it related to Plaintiff and other Protected Employees in the workplace. Defendants engaged in separate acts of the same conduct and other hurtful and harmful acts as alleged hereinabove in the preceding paragraphs and the other unlawful conduct alleged hereinbelow in retaliation therefor.

9. All of the foregoing (as well as the other conduct alleged herein) occurred by design and with the full knowledge of all Defendants. When such conduct was brought to the attention of all Defendants, they failed and refused to take any corrective action and continued in their course of discrimination. The reason for such conduct was Plaintiff's membership in the applicable protected class(es) alleged herein. Accordingly, as a result of such status and membership, Plaintiff was subjected to the discriminatory harassment, treatment, environment and discrimination described hereinabove, without limitation. Plaintiff was also subjected to other similar and dissimilar disparate, discriminatory and hostile treatment solely as a result of Plaintiff' membership in the protected class(es) alleged herein.

10. The foregoing harassment, discrimination, disparate treatment and unlawful conduct along with the intentional, apathetic and unreasonable supporting and furthering conduct of the Defendants (along with the Supervisors and the Corporate Defendant's senior executives and

decision-makers) have permitted such conduct to exist, occur and recur without any appropriate action being taken which further violates the intent, spirit and specific provisions of FEHA.

11. After Plaintiff complained about the Hostile Conduct to Defendants, the Supervisors and their proper human resource management and representatives; Defendants failed and refused to address such complaints and/or any the other discriminatory conduct alleged hereinbelow in a serious, fair and/or reasonable manner designed to prevent and/or minimize such discriminatory conduct and/or to hold the person(s) and policies related thereto to any level of accountability or responsibility therefor.

12. In fact, upon receiving such complaints, Defendants intentionally harassed, mistreated and created an even more hostile environment for these employees (including, without limitation, Plaintiff) and retaliated against such employees by increasing the severity, frequency and notorious nature of such Hostile Conduct and the other discriminatory conduct referenced hereinbelow as a means of dissuading Plaintiff and others from objecting to and/or complaining about such conduct. Furthermore, when these employees (including Plaintiff) complained about the Hostile Conduct and/or the other discriminatory conduct alleged herein; they were retaliated against as alleged hereinbelow. Defendants attempted to force said employees to quit their jobs (sometimes successfully) and/or wrongfully terminated them rather than attempting to address and/or rectify the aforementioned conduct. Defendants also instructed other employees of the Corporate Defendant to further harass, intimidate, mistreat, retaliate against and disrupt Plaintiff's work environment in an effort to discourage and institute fear, worry and emotional distress for Plaintiff due to their complaining about the discrimination alleged herein. Such conduct and harassment was specifically designed to force Plaintiff to abandon their complaints and to quit their jobs. Each Defendant was aware of such conduct and took no efforts to avoid it. In fact, each Defendant approved, condoned, consented to and supported the conduct and engaged in a consistent and ever-escalating pattern of retaliation (including intensifying the Retaliatory Conduct alleged herein) against Plaintiff. In this regard, in addition to the

15

foregoing, Defendants would intentionally make the working environment and working conditions of those who complained (including Plaintiff) and their protected counterparts so much more harsh, discriminatory, unbearable and unreasonable that no reasonable person could be expected to continue their employ under such conditions. This was followed by the Defendants generating false and defamatory allegations of misconduct by Plaintiff and efforts to cause the constructive and/or actual termination of Plaintiff's employment.

13. All of the foregoing conduct described in Paragraphs 11 - 14 (the "Retaliatory Conduct") was part of a retaliatory scheme, implemented by the Defendants, designed to punish, harm and cause injury to Plaintiff (and other protected classes of employees) for making discrimination claims, opposing employment practices that discriminate, filing a discrimination charge and for testifying or participating in any way in an investigation, proceeding, or litigation under FEHA. Such conduct is expressly prohibited by California Government Code Sections 12940(a) and 12940(h)-(k).

14. Said Retaliatory Conduct was directed toward Plaintiff because Plaintiff made complaints of discrimination and harassment against the Defendants based upon Plaintiff's protected status under FEHA. . The Retaliatory Conduct included, but was not limited to:

a) increasing the severity, frequency and notorious nature of the Hostile Conduct and other discriminatory conduct alleged herein;

b) eliminating such complainants (including, without limitation, Plaintiff) from key meetings and denying them access to important and necessary information and resources;

c) stripping such complainants (including, without limitation, Plaintiff) of their important job duties and the respect, responsibility, recognition, kudos, rewards and goodwill that come along with such important duties;

d) sabotaging the work of such complainants (including, without limitation, Plaintiff);

16

e) unfairly reprimanding, reviewing and compensating such complainants (including, without limitation, Plaintiff);

f) denying such complainants (including, without limitation, Plaintiff) fair treatment with respect to company perks, bonuses, credit and recognition;

g) scoffing, ignoring, ostracizing and other rude treatment of such complainants (including, without limitation, Plaintiff) in an unprofessional, embarrassing and insulting manner;

h) making false, slanderous statements about such complainants (including, without limitation, Plaintiff) in their professional and personal lives;

i) transmitting false, libelous communications about such complainants (including, without limitation, Plaintiff) in their professional and personal lives;

j) disclosure of confidential, private and sensitive information about such complainants (including, without limitation, Plaintiff);

k) assigning more menial tasks to such complainants (including, without limitation, Plaintiff);

l) adversely affecting, abridging, delaying and/or denying such complainants (including, without limitation, Plaintiff) their other job entitlements and/or related legal rights as such relate to things such as employee benefits, bonuses, unemployment compensation, disability rights, vacation pay, COBRA benefits, expense reimbursements, etc.;

m) soliciting other employees to undermine, deceive, betray, lie and make false complaints and statements regarding such complainants (including, without limitation, Plaintiff);

n) failing and refusing to properly investigate the complaints of the Hostile Conduct and the other discriminatory conduct alleged herein;

o) conducting an incomplete, arbitrary and fraudulent investigation into the Hostile Conduct and the other discriminatory conduct alleged herein.

p) encouraging, making and pursuing false allegations of misconduct against the complainants (including, without limitation, Plaintiff).

q) taking other steps to force the complainants (including, without limitation, Plaintiff) to quit their job;

r) attempting to and/or successfully engaging in the constructive termination (and in some instances actually firing) the complainants' employment (including, without limitation, Plaintiff);

s) making false and harmful statements about the reasons why the complainants (including, without limitation, Plaintiff) were no longer employed by Defendants;

t) denying leaves and other benefits secured by the Family and Medical Leave Act of 1993 (FMLA) and, by extension, the California Family Rights Act (CFRA) and otherwise due to the race and/or age of employees in a discriminatory manner;

u) adverse employment actions; including, with respect to Plaintiff, false and defamatory allegations of misconduct, a bogus suspension and an unlawful and wrongful termination of Plaintiff's employment.

15. All Defendants and the Supervisors intentionally (and in some instances in a grossly negligent capricious and indifferent manner), wrongfully, maliciously, knowingly and willingly allowed all of the foregoing to regularly occur and failed and refused to intervene, cease and desist and/or take any reasonable efforts to eliminate or minimize such ongoing conditions or the damages that such conditions caused.

16. Furthermore, each and all Defendants along with the Supervisors acted in concert, conspired, encouraged and cooperated with each other, condoned, supported, implemented and

furthered such conduct with the intent to deprive Plaintiff of Plaintiff' rights, to cause Plaintiff injury and to force Plaintiff to terminate Plaintiff' employment.

17.  Said conduct was implemented by the managers and officers of the Defendants on behalf and in furtherance of the directives, desires and benefit of the Defendants, and each of them.

18. The foregoing is not an exhaustive list of the illegal and damaging conduct of Defendants, but merely an overview of such conduct for purposes of describing the toxic environment which Plaintiff were subjected to as alleged in this Complaint.

19.  Defendants' conduct in intentionally creating a hostile work environment for Plaintiff, harassing, abusing, embarrassing Plaintiff, sabotaging Plaintiff and Plaintiff's work, denying Plaintiff access to benefits, staffing, resources and information and all similar conduct alleged herein was motivated by Plaintiff's membership in the applicable protected class under FEHA and was otherwise unlawful, outrageous, intentional, unprivileged and outside the normal risk of employment.

20.  Moreover, the Hostile Conduct, the Retaliatory Conduct and all of the other unlawful conduct alleged herein and throughout (the 'Unlawful Conduct") was not incidental to any employment or lawful objective, but was maliciously undertaken only to cause injury and harm to Plaintiff by Defendants, the Supervisors along with their managers and officers.

21.  At all times mentioned herein, Plaintiff performed each of Plaintiff's respective job duties for each Defendant and the Supervisor in an exemplary fashion. Plaintiff endured the Unlawful Conduct during Plaintiff's employ and such Unlawful Conduct increased over time as Defendants' culture became less and less tolerant of the presence of protected-class employees, like Plaintiff, in the workplace.

22. The Supervisors were each a direct supervisor acting in the course and scope of Plaintiff's employment when the discriminatory conduct and harassment alleged herein occurred.

Said Supervisors not only participated directly in such conduct, but also conspired with each other and other Supervisors of Plaintiff to engage in the Discriminatory Conduct and the Retaliatory Conduct alleged herein. In each event where the Supervisors engaged in the alleged conduct herein, the Corporate Defendant knew and should have known of the discriminatory conduct and harassment alleged, yet failed to take immediate and/or appropriate corrective action as required by Cal. Gov't Code §12940 (j)(1).

## I. FIRST CAUSE OF ACTION BY PLAINTIFF

## AGAINST EACH NAMED DEFENDANT

## FOR EMPLOYMENT DISCRIMINATION (HOSTILE ENVIORNMENT) BASED UPON RACE

23. Plaintiff re-alleges and incorporates herein by this reference Paragraphs 1-22 above as if they were fully set forth here.

24. This action is brought pursuant to the California Fair Employment and Practices Act and California Government Code Sections 12900 et seq. [including 12940(a) and 12940(h)-(k)] which prohibits discrimination, such as: discrimination against a person in the terms, conditions, or privileges of employment on the basis of the person's race.

25. At all times mentioned in this Complaint, the Defendants regularly employed five (5) or more persons, bringing them within the provisions of Section 12900 et seq. of the Government Code prohibiting employers and/or their agents from discriminating against employees on the basis of age, race, gender, disability and other similar reasons. At all times mentioned in this Complaint, Defendants were otherwise obligated to comply with the provisions of the Acts. Plaintiff filed the proper administrative and governmental complaints against Defendants with regard to all applicable claims hereunder and exhausted any and all required administrative remedies, as applicable, in connection therewith.

26. At all times, Plaintiff fully and faithfully performed Plaintiff's job duties in a manner which was above the company's standard and above the level of performance exhibited by their non-protected counterparts. Plaintiff performed each of Plaintiff's duties in a manner which was consistently competent, timely and efficient to a greater extent than their non-protected co-workers. As part of Defendants' disciplinary system, policies and practices of adverse employment actions and merit system, Plaintiff was treated in an unfair, inequitable, disparate and less-favorable manner than their non-African American counterparts by Defendants on nearly a daily basis during Plaintiff's employment. Such conduct specifically is prohibited by FEHA [including sections 12940(a) and 12940(h)-(k) of the California Government Code].

27. Plaintiff was subject to disparate treatment and a hostile working environment by the Defendants as a result of Plaintiff' race (African American). More specifically, as a result of Plaintiff's race, Plaintiff was subjected to the Hostile Conduct, the Retaliatory Conduct and other similar conduct which caused Plaintiff to be mistreated, discriminated against, harassed and treated in a harmful, unfair, inequitable, less-favorable, and disparate manner than Plaintiff' non-African American counterparts due to their race. Such treatment was engaged in intentionally and with specific intent to be demeaning, derogatory and harmful to Plaintiff because of their race. The specific conduct which Plaintiff witnessed, was subjected to and exposed to in the workplace included, but was not limited to, the following:

a) Plaintiff and other African American employees were subject to negative/disparaging comments about their personal appearance, work performance, private lives and other matters as a result of their race while their non-protected counterparts were not treated in this manner.

b) Plaintiff were falsely accused of poor performance and subjected to disciplinary action and adverse employment actions solely due to their race.

c) Plaintiff and other African-America employees were routinely not properly trained for their positions and were left to figure out their job duties on their own. Meanwhile,

21

other employees were provided with training, mentorship and ongoing assistance to insure
success.

        d) Plaintiff's Supervisors made false statements complaining about the work of
Plaintiff and other African-American employees as a result of Plaintiff' race.  Plaintiff was
routinely and falsely accused of poor performance, had false allegations of poor performance
made against them, demoted, unfairly and falsely criticized with respect to Plaintiff's duties and
denied access to opportunities for promotions and substantial pay raises while these opportunities
were readily offered to white employees.

        e) Other similar conduct which occurred on a daily basis in the work environment
in such a regular, ongoing, open and notorious manner so as to create a culture of hostility, unfair
treatment, devaluing, disdain and contempt toward the African-American employees, including
Plaintiff.  The totality of the foregoing circumstances creating an environment which was
objectively and subjectively offensive to any reasonable African-American employee and/or to
any reasonable person who was not racially prejudiced against Protected Employees. As a result
of the conduct described above (and below) the workplace was permeated with discriminatory
intimidation, ridicule, and insult, that was sufficiently severe and pervasive so as to alter the
conditions of Plaintiff's employment and create an abusive working environment. In this regard,
Plaintiff was forced to continue working under such conditions and to adjust their schedule,
walking path, duties and efforts to avoid racist and discriminatory interactions with the identified
managers and Supervisors who perpetrated such conduct.  Plaintiff had to work longer hours (for
which they were not paid), expend more energy and effort (physical and emotional) and work
with less support (resources, interaction with supervisors and management), etc. to attempt to
minimize the pervasiveness of the hostile and discriminatory environment.

        28. The foregoing conduct was targeted and uniquely applied to Plaintiff and other
African American employees of the Corporate Defendants. Non-African American employees
were not subject to such Disparate Treatment.  Plaintiff' race (African American) was a

substantial and determining factor in Defendants' decision to engage in the Unlawful Conduct and Disparate Treatment described hereinabove which occurred on an ongoing and regular, daily basis. Such conduct permeated the workplace in such a manner that it substantially affected Plaintiff' ability to perform Plaintiff' job functions and caused injuries and damages to Plaintiff as alleged herein.  Such conduct specifically is prohibited by FEHA [including sections 12940(a) and 12940(h)-(k) of the California Government Code].

29.  Additionally, Plaintiff along with other African-American employees and contractors were subjected to the following due to their race:

a)  Each component of the Hostile Conduct and Retaliatory Conduct set forth hereinabove;

b)  Each component of the Unlawful Conduct set forth hereinabove;

c) The other disparate treatment and other discriminatory conduct alleged herein and throughout which included:

i.  African-American employees and contractors being generally treated less favorably than their non-African American counterparts. This includes:

A) less pay;

B) lesser quality assignments;

C) harassment;

D) rudeness, demeaning behavior and bad-mouthing;

E) unprofessional comments, jokes, etc.;

F) ignoring and failing to return telephone calls from the African-American employees;

ii. In addition, African-American employees were generally subject to

23

greater scrutiny in their work and received disparaging and untrue performance reviews which were inaccurate and false. Also, African-American employees were more closely monitored, micro-managed and more frequently written-up to the point where it adversely affected productivity and created a hostile environment for Protected Employees. Policies were applied toward Protected Employees in a more harsh and unfair manner as compared to non-Protected Employees. Protected Employees were much more likely to get criticized, scrutinized and/or written-up for minor infractions (or even non-infractions) than their non-African American counterparts.

iii. African American employees were generally disfavored as compared to non-African American employees who had lesser qualification, educational accomplishments and performance. African-American candidates do not seem to be fairly considered for higher quality assignments internally or externally.

iv. African American employees were more likely to get "grunt work" and/or over-worked as compared to their counterparts. Less favorable assignments were routinely given to the Protected Employees than others. No reason appeared for this other than their race.

v. Defendants did not illustrate a commitment to diversity, as is consistently asserted by the Defendants, and/or to rectifying these issues. People who complained were retaliated against and intimidated. The company did not engage in any effective diversity training which was designed to remedy these problems.

vi. These problems are embedded in the culture of the Corporate Defendant and systemic in nature. They result in Protected Employees being faced with a discriminatory environment that is harassing, unfair and negatively impacts the performance of Protected Employees and limits their ability to excel and advance within the company.

24

vii. African-American employees were terminated and constructively terminated in an effort to reduce the number of African American employees in the workplace.

viii. African-American employees were routinely not provided the proper training and on-boarding that was offered to other non-African American employees.

ix. African American employees that did have performance issues were terminated or constructively terminated while non-African American employees with similar or worse performance issues were offered additional training, mentors, assistance and the opportunity to resign.

x) The company re-structured their administrative positions in a manner to place the Protected Employees at a disadvantage and either force them to quit or set-up for their positions to be easily eliminated.

xi) African-American employees were placed into temporary roles where they performed higher-level functions of higher-paying positions, but were never properly compensated and/or considered for those higher-level positions.

xii) African-American employees were unfairly terminated without company's compliance with their internal procedures and progressive disciplinary policies.

xiii) African-American employees were routinely ignored, not greeted by their co-workers, not given return greetings by their co-workers, excluded from meetings and conversations and intentionally made to feel unwelcome in the workplace.

xiv) African-American employees including Plaintiff) were generally treated in a dismissive, insignificant, patronizing, rude and unprofessional manner by their managers/supervisors and co-workers who made it clear that the African-American employees' input, suggestions, efforts and observations were not valued, taken seriously and/or treated with the same level of significance and professionalism as their non-African American counterparts.

xv)  African-American employees (including Plaintiff) were routinely passed-over for promotions by other, lesser-qualified employees (frequently not being notified and/or even considered for such opportunities for which they were interested and qualified.

xvi)  African-American employees (including Plaintiff) were required to perform more menial, errand-based and insignificant tasks outside of the scope of Plaintiff's employment to a much larger and more frequent degree than their non-African American counterparts.

xvii)  African-American employees (including Plaintiff) were not properly paid their commissions and other compensation and had such compensation improperly calculated, denied and scrutinized and were subjected to disciplinary action in connection therewith when other, non-African American employees were not treated in such a manner.

xviii)  In addition to the above, Defendants have engaged in other actions which are discriminatory in nature against Protected Employees.  In fact, even some non-African American employees who tried to balance this unfairness were treated poorly and retaliated against (including having Plaintiff's employment terminated) for those efforts.  Plaintiff complained about the conduct on numerous occasions and were retaliated against for making such reports.

30.  Plaintiff notified Defendants, the Supervisors and their appropriate representtives of the Unlawful Conduct based upon the foregoing which imposed an obligation on Defendants to conduct a fair and reasonable investigation into those complaints, to notify Plaintiff of the outcome of such investigation and to take appropriate remedial measures based thereupon. Defendants failed and refused to do so and instead elected to ratify, condone and deny the Unlawful Conduct when Defendants knew the complaints of Plaintiff to be true.  Plaintiff's multiple requests for further investigation and protection from the Retaliatory Conduct, was not only ignored and refused, but such Retaliatory Conduct was intensified.  Plaintiff was not afforded access and/or the application of the Defendant's stated policy(ies) of discipline,

tolerance of the Unlawful Conduct. In addition to the manifest discriminatory intentions of Defendants and their officers, directors, executives, managing agents, etc.; Defendants' failures and refusals to engage in proper training, supervision, hiring, background checking and other proper human resources functions contributed to the hostile and discriminatory work environment that Plaintiff was subjected to during Plaintiff's employ as well as the conduct alleged herein.  The Defendants knew, were informed and apprised and recklessly disregarded the fact that the conduct described herein and other incidents of discrimination were occurring and had occurred and failed to take reasonable steps to prevent and/or discontinue the discrimination and harassment from occurring. In fact, Defendants allowed such conditions to persist and actually condoned, accepted, encouraged, facilitated and furthered such conduct. The Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice in violation of the Fair Employment and Housing Act and California Constitution Article I, Section 8. Such conduct was undertaken, condoned, approved and directed by the Defendants and their individual employees who were Plaintiff's supervisors. Accordingly, Plaintiff alleges that all Defendants are strictly liable for the conduct of these individuals.

31. The Defendants knew, were informed and apprised and recklessly disregarded the fact that the Discriminatory Conduct, the Retaliatory Conduct and other incidents of discrimination were occurring and had occurred and failed to take reasonable steps to prevent and/or discontinue the discrimination and harassment from occurring. In fact, Defendants allowed such conditions to persist and actually condoned, accepted, encouraged, facilitated and furthered such conduct. Defendants schemed to wrongfully terminate and/or force Plaintiff and other Protected Employees to quit their employment as part of the Discriminatory Conduct and the Retaliatory Conduct. In this regard, Defendants sought to (and took consistent actions to) terminate and/or constructively terminate and to trump up performance issues related to Plaintiff's employment duties and spread false information regarding Plaintiff's employment in an effort to harm Plaintiff and to terminate and/or constructively terminated Plaintiff's

employment. Such conduct specifically is prohibited by FEHA [including sections 12940(a) and 12940(h)-(k) of the California Government Code].

32. As a direct, foreseeable, legal, actual and proximate result of the Defendants' discriminatory acts, the Unlawful Conduct and the Retaliatory Conduct; Plaintiff has suffered and continues to suffer substantial losses in earnings, job benefits, quality of life, goodwill; and has suffered and continues to suffer humiliation, ridicule, contempt, embarrassment, severe mental and emotional distress, damage to Plaintiff' reputation, discomfort and other damages, the precise amount of which will be proven at trial. In each instance, Defendants failed and refused to: (a) take reasonable steps to prevent harassment, (b) utilize the procedures put in place by Defendants to purportedly address allegations of discrimination, harassment and retaliation and (3) allow Plaintiff to engage in the stated procedure(s) and policy(ies) of Defendants which theoretically would have prevented some of the harassment, discrimination, retaliation and (potentially) minimized Plaintiff's damages. Instead Defendants engaged in the retaliatory conduct alleged herein and disrupted and terminated the policies and processes stated by Defendants which may have otherwise minimized same.

33. Defendants, their senior executives, managing agents, managers, directors and officers committed the acts described in this cause of action intentionally, willfully, oppressively, fraudulently and maliciously for the purpose of injuring Plaintiff and depriving Plaintiff of Plaintiff' rights. The Unlawful Conduct, the Retaliatory Conduct and other discriminatory acts of these persons and Defendants was extremely reckless and capricious and subjected Plaintiff to cruel and unjust hardships. The recklessness was despicable and done in conscious disregard of Plaintiff' fundamental rights. Furthermore, such conduct on the part of Defendants and those persons was intentional, oppressive, fraudulent, malicious and done in a wanton effort to deprive Plaintiff of Plaintiff' fundamental rights. Defendants and those persons intended to cause injury to Plaintiff and engaged in conduct with a willful and conscious disregard of Plaintiff' fundamental rights. Defendants and these persons used their superior power and authority over

the Plaintiff along with threats and intimidation to subject Plaintiff to cruel and unjust hardships in conscious disregard of Plaintiff' rights. All of the foregoing conduct was undertaken by the Defendants and their owners, managing agents, senior executives, supervisors, directors and officers. Accordingly, Plaintiff also seeks any allowable and/or appropriate punitive or exemplary damages which may be or become available against Defendants in an amount appropriate to punish and make an example of them in addition to the other damages sought herein, subject to applicable law.

## II. SECOND CAUSE OF ACTION BY PLAINTIFF

## AGAINST EACH DEFENDANT FOR EMPLOYMENT DISCRIMINATION (DISPARATE TREATMENT) BASED UPON RACE

34. Plaintiff realleges and incorporates herein by this reference Paragraphs 1-33 above as though set forth fully here.

35. Plaintiff is African-American and a member of a "protected class" under FEHA; to wit, African American (race). At all times, Plaintiff was employed by the Corporate Defendant and supervised by the Supervisors. At all times, Plaintiff fully and faithfully performed their job duties in a manner which was above the company's standard and above the level of performance exhibited by their non-protected counterparts. Plaintiff performed each of Plaintiff's duties in a manner which was consistently competent, timely and efficient to a greater extent than their non-protected co-workers. As part of Defendants' disciplinary system, policies and practices of adverse employment actions and merit system, Plaintiff was treated in an unfair, inequitable, disparate and less-favorable manner than their non-African American counterparts by Defendants on nearly a daily basis during Plaintiff's employment. Such conduct specifically is prohibited by FEHA [including sections 12940(a) and 12940(h)-(k) of the California Government Code]. The treatment described herein and throughout had an adverse impact on

Plaintiff's ability to earn more compensation, be considered for promotions and transfers, eligibility and notification of premium assignments and working conditions. Plaintiff not only encountered racial discrimination directed toward them, but they each worked in an environment where such discrimination was regularly, clearly, openly and notoriously directed solely toward the African-American employees. As a result, Plaintiff directly experienced the discriminatory, harassing and retaliatory treatment alleged herein and experienced, witnessed, perceived and was adversely affected by such treatment of other African-American employees due to race.

36. Plaintiff notified Defendants of the foregoing conduct (individually and collectively), the Unlawful Conduct and other discriminatory conduct alleged herein. Defendants were aware that Plaintiff was suffering from the alleged conduct through their direct experience and their witnessing each other (and other African-American employees) being treated in the same unlawful, discriminatory and harassing manner due to their race. The conduct alleged and the reporting of that conduct imposed an obligation on Defendants to conduct a fair and reasonable investigation into those complaints, to notify Plaintiff of the outcome of such investigation and to take appropriate remedial measures based thereupon. Defendants failed and refused to do so and instead elected to ratify, condone and falsely deny the existence Unlawful Conduct when Defendants knew the complaints of Plaintiff to be true. Defendants also specifically knew that such conduct occurred on a regular, daily basis in an open and notorious manner. Plaintiff' multiple requests for further investigation and protection from the Retaliatory Conduct, was not only ignored and refused, but such Retaliatory Conduct was intensified. Plaintiff was not afforded access to and/or the application of the Defendant's stated policy(ies) of progressive discipline, discrimination, harassment, retaliation and/or tolerance of the Unlawful Conduct due to their race.

37. In addition to the manifest discriminatory intentions of Defendants and their

officers, directors, executives, managing agents, etc.; Defendants' failures and refusals to engage in proper training, supervision, hiring, background checking and other proper human resources functions contributed to the hostile and discriminatory work environment that Plaintiff was subjected to during Plaintiff' employ as well as the conduct alleged herein. The Defendants knew, were informed and apprised and recklessly disregarded the fact that the conduct described herein and other incidents of discrimination were occurring and had occurred and failed to take reasonable steps to prevent and/or discontinue the discrimination and harassment from occurring. In fact, Defendants allowed such conditions to persist and actually condoned, accepted, encouraged, facilitated and furthered such conduct. The Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice in violation of the Fair Employment and Housing Act and California Constitution Article I, Section 8. Such conduct was undertaken, condoned, approved and directed by the Defendants and their individual employees who were Plaintiff' supervisors. Accordingly, Plaintiff alleges that all Defendants are strictly liable for the conduct of these individuals.

38. The Defendants knew, were informed and apprised and recklessly disregarded the fact that the Discriminatory Conduct, the Retaliatory Conduct and other incidents of discrimination were occurring and had occurred and failed to take reasonable steps to prevent and/or discontinue the discrimination and harassment from occurring. In fact, Defendants allowed such conditions to persist and actually condoned, accepted, encouraged, facilitated and furthered such conduct. Defendants schemed to force Plaintiff and other Protected Employees to quit Plaintiff's employment as part of the Discriminatory Conduct and the Retaliatory Conduct. When the scheme failed; Defendants simply terminated, attempted to constructively terminate and/or began trumping up performance issues to terminate the African American (and other complaining) employees, including Plaintiff.

39. As a direct, foreseeable, legal, actual and proximate result of the Defendants' discriminatory acts, the Unlawful Conduct, the Retaliatory Conduct and other conduct alleged in

this cause of action, Plaintiff suffered a number of adverse employment actions; including, without limitation, loss of pay, demotions, loss of opportunities for advancement and promotion, loss of opportunities for other assignments, disciplinary action, etc.  Plaintiff has suffered and continues to suffer substantial losses in earnings, job benefits, quality of life, goodwill; and has suffered and continues to suffer humiliation, ridicule, contempt, embarrassment, severe mental and emotional distress, damage to Plaintiff' reputation, discomfort and other damages, the precise amount of which will be proven at trial.  In each instance, Defendants  failed and refused to: (a) take reasonable steps to prevent harassment, (b) utilize the procedures put in place by Defendants to purportedly address allegations of discrimination, harassment and retaliation and (3) allow Plaintiff to engage in the stated procedure(s) and policy(ies) of Defendants which theoretically would have prevented some of the harassment, discrimination, retaliation and (potentially) minimized Plaintiff's damages.  Instead Defendants  engaged in the retaliatory conduct alleged herein and disrupted and terminated the policies and processes stated by Defendants which may have otherwise minimized same.

    40. Defendants, their senior executives, managing agents, managers, directors and officers committed the acts described in this cause of action intentionally, wilfully, oppressively, fraudulently and maliciously for the purpose of injuring Plaintiff and depriving Plaintiff of Plaintiff' rights. The Unlawful Conduct, the Retaliatory Conduct and other discriminatory acts of these persons and Defendants was extremely reckless and capricious and subjected Plaintiff to cruel and unjust hardships. The recklessness was despicable and done in conscious disregard of Plaintiff' fundamental rights. Furthermore, such conduct on the part of Defendants and those persons was intentional, oppressive, fraudulent, malicious and done in a wanton effort to deprive Plaintiff of Plaintiff' fundamental rights. Defendants and those persons intended to cause injury to Plaintiff and engaged in conduct with a willful and conscious disregard of Plaintiff' fundamental rights. Defendants and these persons used their superior power and authority over the Plaintiff along with threats and intimidation to subject Plaintiff to cruel and unjust hardships

in conscious disregard of Plaintiff' rights. All of the foregoing conduct was undertaken by the Defendants and their owners, managing agents, senior executives, supervisors, directors and officers. Accordingly, Plaintiff also seeks any allowable and/or appropriate punitive or exemplary damages which may be or become available against Defendants in an amount appropriate to punish and make an example of them in addition to the other damages sought herein, subject to applicable law.

Paragraphs 41-58 Intentionally Omitted.

### III. THIRD CAUSE OF ACTION

### BY PLAINTIFF

### AGAINST EACH DEFENDANT

### FOR RETALIATION FOR FILING COMPLAINT(S) OF
### EMPLOYMENT DISCRIMINATION AND UNLAWFUL HARASSMENT

59. Plaintiff re-alleges and incorporates herein by this reference Paragraphs 1-58 above as if they were fully set forth here.

60. This action is brought pursuant to the California Fair Employment and Practices Act and California Government Code Sections 12900 et seq. which prohibits retaliation against those who make complaints of discrimination, such as: discrimination against a person in the terms, conditions, or privileges of employment on the basis of the person's protected status under FEHA.

61. At all times mentioned in this Complaint, the Defendants regularly employed five (5) or more persons, bringing them within the provisions of Section 12900 et seq. of the Government Code prohibiting employers and/or their agents from discriminating against employees on the

33

basis of age, race, gender, disability and other similar reasons.  Defendants were required to comply with Government Code Section 12940(h) which prohibits (and declares it an unlawful employment practice) an employer from discharging, expelling, or otherwise discriminating against any person because the person has opposed any practices forbidden by FEHA [and, more specifically, under California Government Code Sections 12940(a) and (h)-(k)] or because the person has filed a complaint, testified, or assisted in any proceeding under the foregoing provisions.

62.  Plaintiff filed the proper administrative and governmental complaints against Defendants with regard to all applicable claims hereunder and exhausted any and all required administrative remedies, as applicable, in connection therewith.

63. Plaintiff is a member of a "protected class" under FEHA. At all times, Plaintiff was employed by the Corporate Defendant and supervised by Defendants and other employees. At all times, Plaintiff fully and faithfully performed Plaintiff's job duties in a manner which was above the company's standard and above the level of performance exhibited by their non-protected counterparts.  Plaintiff performed each of Plaintiff's duties in a manner which was consistently competent, timely and efficient to a greater extent than their non-protected co-workers.  As part of Defendants' disciplinary system, policies and practices of adverse employment actions and merit system, Plaintiff was treated in an unfair, inequitable, disparate and less-favorable manner than their non-protected counterparts by Defendants on nearly a daily basis during Plaintiff's employment.  The treatment described herein and throughout had an adverse impact on Plaintiff's ability to earn more compensation, be considered for promotions and transfers, eligibility and notification of premium assignments and working conditions.  Plaintiff not only encountered racial discrimination directed toward members of his protected class on a regular basis, but they each worked in an environment where such discrimination was regularly, clearly, openly and notoriously directed solely toward the African-American employees. As a result, Plaintiff directly experienced the discriminatory, harassing and retaliatory treatment alleged

herein and experienced, witnessed, perceived and was adversely affected by such treatment of other protected employees in the workplace due to Plaintiff's protected status as previously alleged.   Plaintiff was subject to disparate treatment and a hostile working environment by the Defendants as a result of Plaintiff' protected status as alleged herein. More specifically, as a result of Plaintiff's protected, Plaintiff was subjected to the Hostile Conduct and Unlawful Conduct alleged hereinabove along with other discriminatory conduct alleged hereinabove.

64.   Plaintiff notified Defendants of the Hostile Conduct and Unlawful Conduct alleged hereinabove along with other discriminatory conduct in a manner consisted with Defendants' stated policies therefor.   Such notifications occurred both verbally and writing by each of the Plaintiff and were received by the designated representatives and employees of Defendants. Similarly, Plaintiff indicated that each other Plaintiff was likewise suffering from discrimination, harassment and retaliation and that such conduct was systemic, systematic, pervasive and widespread. The foregoing imposed an obligation on Defendants to conduct a fair and reasonable investigation into those complaints, to notify the Plaintiff of the outcome of such investigation and to take appropriate remedial measures based thereupon.   Defendants failed and refused to do so and instead elected to ratify, condone and deny the Unlawful Conduct when Defendants knew the complaints of Plaintiff to be true.   Plaintiff' multiple requests for further investigation and protection from the Retaliatory Conduct, was not only ignored and refused, but such Retaliatory Conduct was intensified.   Plaintiff was not afforded access and/or the application of the Defendant's stated policy(ies) of discipline, tolerance of the Unlawful Conduct. Such notifications were all subsequently directed to Defendants human resources team who then implemented the alleged Retaliatory Conduct and intensified the other Unlawful Conduct alleged herein in direct response to Plaintiff's complaints and notification of harassment, discrimination and retaliation.

65. Defendants and each of them engaged in the retaliation (including the Retaliatory Conduct and the intensification of the other Hostile Conduct and unlawful conduct alleged

herein) with the specific intent of forcing Plaintiff to drop their complaint(s), refrain from pursuing their complaints, refrain from supporting the other complainants and refrain from making additional complaints. Defendants intent and conduct was to create a chilling effect on employees protected by FEHA and to discourage those persons from making legitimate complaints of discrimination, harassment and retaliation.  Defendants undertook efforts to misinform Plaintiff regarding the applicable law (e.g., telling Plaintiff that their complaints, as alleged herein, did not constitute discrimination, harassment and/or retaliation and that Plaintiff could be terminated for making and/or supporting such complaints).  In addition to the manifest discriminatory intentions of Defendants and their officers, directors, executives, managing agents, etc.; Defendants' failures and refusals to engage in proper investigations, training, supervision, hiring, background checking and other proper human resources functions contributed to and fostered the hostile, retaliatory and discriminatory work environment that Plaintiff were subjected to during Plaintiff' employ as well as the Retaliatory Conduct alleged herein.  The Defendants knew, were informed and apprised and recklessly disregarded the fact that the conduct described herein and other incidents of discrimination, harassment and retaliation based upon race, gender and age were occurring (and had occurred) and failed to take reasonable steps to prevent and/or discontinue the discrimination, harassment and retaliation from occurring. In fact, Defendants allowed such conditions to persist and actually condoned, accepted, encouraged, facilitated and furthered such conduct. The Defendants' Retaliatory Conduct as alleged in this complaint constitutes an unlawful employment practice in violation of the Fair Employment and Housing Act and California Constitution Article I, Section 8. Such Retaliatory Conduct was undertaken, condoned, approved and directed by the Defendants and their individual employees who were Plaintiff' supervisors. Accordingly, Plaintiff alleges that all Defendants are strictly liable for the conduct of these individuals.

66. Defendants schemed to wrongfully terminate and/or to force Plaintiff to quit Plaintiff's employment as part of the Retaliatory Conduct.

36

67.   In each instance, Plaintiff notified Defendants of the foregoing conduct (individually and collectively), the Unlawful Conduct and other discriminatory conduct alleged herein. Defendants were aware that Plaintiff was suffering from the alleged conduct through their direct experience and their witnessing each other (and other protected employees) being treated in the same unlawful, discriminatory and harassing manner due to their protected status.   The conduct alleged and the reporting of that conduct imposed an obligation on Defendants to conduct a fair and reasonable investigation into those complaints, to notify the Plaintiff of the outcome of such investigation and to take appropriate remedial measures based thereupon.  Defendants failed and refused to do so and instead elected to ratify, condone and falsely deny the existence Unlawful Conduct when Defendants knew the complaints of Plaintiff to be true.  Defendants also specifically knew that such conduct occurred on a regular, daily basis in an open and notorious manner.  Plaintiff' multiple requests for further investigation and protection from the Retaliatory Conduct, was not only ignored and refused, but such Retaliatory Conduct was intensified. Plaintiff was not afforded access to and/or the application of the Defendant's stated policy(ies) of progressive discipline, discrimination, harassment, retaliation and/or tolerance of the Unlawful Conduct due to their race and gender.  This was followed by further retaliation against the Plaintiff and other complainants by terminating and/or forcing the termination of Plaintiff's employment, demoting them and/or otherwise engaging in the Retaliatory Conduct alleged herein.

68. As a direct, foreseeable, legal, actual and proximate result of the Defendants' discriminatory acts, the Unlawful Conduct and the Retaliatory Conduct; Plaintiff has suffered and continues to suffer substantial losses in earnings, job benefits, quality of life, goodwill; and has suffered and continues to suffer humiliation, ridicule, contempt, embarrassment, severe mental and emotional distress, damage to Plaintiff' reputation, discomfort and other damages, the precise amount of which will be proven at trial.  In each instance, Defendants  failed and refused to: (a) take reasonable steps to prevent harassment, (b) utilize the procedures put in place

37

by Defendants to purportedly address allegations of discrimination, harassment and retaliation and (3) allow Plaintiff to engage in the stated procedure(s) and policy(ies) of Defendants which theoretically would have prevented some of the harassment, discrimination, retaliation and (potentially) minimized Plaintiff's damages. Instead Defendants engaged in the retaliatory conduct alleged herein and disrupted and terminated the policies and processes stated by Defendants which may have otherwise minimized same.

69. Defendants, their senior executives, managing agents, managers, directors and officers committed the acts described in this cause of action intentionally, willfully, oppressively, fraudulently and maliciously for the purpose of injuring Plaintiff and depriving Plaintiff of Plaintiff' rights. The Unlawful Conduct, the Retaliatory Conduct and other discriminatory acts of these persons and Defendants was extremely reckless and capricious and subjected Plaintiff to cruel and unjust hardships. The recklessness was despicable and done in conscious disregard of Plaintiff' fundamental rights. Furthermore, such conduct on the part of Defendants and those persons was intentional, oppressive, fraudulent, malicious and done in a wanton effort to deprive Plaintiff of Plaintiff' fundamental rights. Defendants and those persons intended to cause injury to Plaintiff and engaged in conduct with a willful and conscious disregard of Plaintiff' fundamental rights. Defendants and these persons used their superior power and authority over the Plaintiff along with threats and intimidation to subject Plaintiff to cruel and unjust hardships in conscious disregard of Plaintiff' rights. All of the foregoing conduct was undertaken by the Defendants and their owners, managing agents, senior executives, supervisors, directors and officers. Accordingly, Plaintiff also seeks any allowable and/or appropriate punitive or exemplary damages which may be or become available against Defendants in an amount appropriate to punish and make an example of them in addition to the other damages sought herein, subject to applicable law.

## IV. FOURTH CAUSE OF ACTION BY PLAINTIFF

## AGAINST EACH DEFENDANT

## FOR UNLAWFUL HARASSMENT UNDER THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA")

70. Plaintiff re-alleges and incorporates herein by this reference Paragraphs 1-69 above as if they were fully set forth here.

71. This action is brought pursuant to the California Fair Employment and Practices Act and California Government Code Sections 12940 et seq. which prohibits harassment against a person based upon their protected status; including, such as the case in this claim, for discrimination against a person in the terms, conditions, or privileges of employment on the basis of the person's race and gender.

72. At all times mentioned in this Complaint, the Defendants regularly employed five (5) or more persons, bringing them within the provisions of Section 12900 et seq. of the Government Code prohibiting employers and/or their agents from discriminating against employees on the basis of age, race, gender, disability and other similar reasons.

73. At all times mentioned in this Complaint, Defendants were otherwise obligated to comply with the provisions of the Acts. Plaintiff filed the proper administrative and governmental complaints against Defendants with regard to all applicable claims hereunder and exhausted any and all required administrative remedies, as applicable, in connection therewith.

75. Plaintiff is a member of a "protected class" under FEHA. At all times, Plaintiff was employed by the Corporate Defendant and supervised by Defendants and their Supervisors. At all times, Plaintiff fully and faithfully performed their job duties in a manner which was above the company's standard and above the level of performance exhibited by their non-protected counterparts. Plaintiff performed each of Plaintiff's duties in a manner which was consistently competent, timely and efficient to a greater extent than their non-protected co-workers. As part

of Defendants' disciplinary system, policies and practices of adverse employment actions and merit system, Plaintiff was treated in an unfair, inequitable, disparate and less-favorable manner than their non-African American and female counterparts by Defendants on nearly a daily basis during Plaintiff's employment. The treatment described herein and throughout had an adverse impact on Plaintiff's ability to earn more compensation, be considered for promotions and transfers, eligibility and notification of premium assignments and working conditions. Plaintiff not only encountered discrimination directed toward them, but they each worked in an environment where such discrimination was regularly, clearly, openly and notoriously directed solely toward the protected classes of employees. As a result, Plaintiff directly experienced the discriminatory, harassing and retaliatory treatment alleged herein and experienced, witnessed, perceived and was adversely affected by such treatment of other similarly, protected employees due to their protected status. Plaintiff was subject to disparate treatment and a hostile working environment by the Defendants as a result of that Plaintiff's applicable protected status as alleged herein. More specifically, as a result of Plaintiff's protected status, Plaintiff was subjected to the Hostile Conduct, Unlawful Conduct and Retaliatory Conduct alleged hereinabove along with other discriminatory conduct alleged hereinabove.

76. Plaintiff notified Defendant of the Hostile Conduct, Retaliatory Conduct and other unlawful conduct alleged hereinabove along with other discriminatory conduct; which imposed an obligation on Defendants to conduct a fair and reasonable investigation into those complaints, to notify the Plaintiff of the outcome of such investigation and to take appropriate remedial measures based thereupon. Defendants failed and refused to do so and instead elected to ratify, condone and deny the Unlawful Conduct when Defendants knew the complaints of Plaintiff to be true. Plaintiff's multiple requests for further investigation and protection from the Unlawful Conduct, was not only ignored and refused, but such Unlawful Conduct was intensified. Plaintiff was not afforded access and/or the application of the Defendant's stated policy(ies) of discipline, tolerance of the Unlawful Conduct.

77. In addition to the manifest discriminatory intentions of Defendants and their officers, directors, executives, managing agents, etc.; Defendants' failures and refusals to engage in proper investigations, training, supervision, hiring, background checking and other proper human resources functions contributed to the hostile, retaliatory and discriminatory work environment that Plaintiff were subjected to during Plaintiff' employ as well as the Retaliatory Conduct alleged herein. The Defendants knew, were informed and apprised and recklessly disregarded the fact that the conduct described herein and other incidents of discrimination were occurring and had occurred and failed to take reasonable steps to prevent and/or discontinue the discrimination and harassment from occurring. In fact, Defendants allowed such conditions to persist and actually condoned, accepted, encouraged, facilitated and furthered such conduct. The Defendants' Unlawful Conduct as alleged in this complaint constitutes an unlawful employment practice in violation of the Fair Employment and Housing Act and California Constitution Article I, Section 8. Such Retaliatory Conduct was undertaken, condoned, approved and directed by the Defendants and their individual employees who were Plaintiff' supervisors. Accordingly, Plaintiff alleges that all Defendants are strictly liable for the conduct of these individuals.

78. The Defendants knew, were informed and apprised and recklessly disregarded the fact that the Retaliatory Conduct and other incidents of discrimination were occurring and had occurred and failed to take reasonable steps to prevent and/or discontinue the discrimination and harassment from occurring. In fact, Defendants allowed such conditions to persist and actually condoned, accepted, encouraged, facilitated and furthered such Retaliatory Conduct. Defendants schemed to force Plaintiff and other Protected Employees to quit Plaintiff's employment as part of the Retaliatory Conduct.

79. This was followed by a pattern of harassment against Plaintiff which included:

    a) Denial of promotions and raises;

    b) Denial of benefits and coverage;

c)   Falsely accusing Plaintiff of poor performance;

d)   Denying Plaintiff's to key, necessary information in the performance of Plaintiff's duties;

e) Ostracizing and intimidating Plaintiff

f) Suspension and termination of Plaintiff's employment

g)   Other similar and similarly-motivated conduct and harassment specifically designed to force Plaintiff to abandon their complaints and to quit their jobs.

80.  As a direct, foreseeable, legal, actual and proximate result of the Defendants' discriminatory acts, the Unlawful Conduct and the Retaliatory Conduct; Plaintiff has suffered and continues to suffer substantial losses in earnings, job benefits, quality of life, goodwill; and has suffered and continues to suffer humiliation, ridicule, contempt, embarrassment, severe mental and emotional distress, damage to Plaintiff' reputation, discomfort and other damages, the precise amount of which will be proven at trial.  In each instance, Defendants  failed and refused to: (a) take reasonable steps to prevent harassment, (b) utilize the procedures put in place by Defendants to purportedly address allegations of discrimination, harassment and retaliation and (3) allow Plaintiff to engage in the stated procedure(s) and policy(ies) of Defendants which theoretically would have prevented some of the harassment, discrimination, retaliation and (potentially) minimized Plaintiff's damages.  Instead Defendants engaged in the retaliatory conduct alleged herein and disrupted and terminated the policies and processes stated by Defendants which may have otherwise minimized same.

81. Defendants, their senior executives, managing agents, managers, directors and officers committed the acts described in this cause of action intentionally, willfully, oppressively, fraudulently and maliciously for the purpose of injuring Plaintiff and depriving Plaintiff of Plaintiff' rights. The Unlawful Conduct, the Retaliatory Conduct and other discriminatory acts of these persons and Defendants was extremely reckless and capricious and subjected Plaintiff to

cruel and unjust hardships. The recklessness was despicable and done in conscious disregard of

Plaintiff' fundamental rights. Furthermore, such conduct on the part of Defendants and those

persons was intentional, oppressive, fraudulent, malicious and done in a wanton effort to deprive

Plaintiff of Plaintiff' fundamental rights. Defendants and those persons intended to cause injury

to Plaintiff and engaged in conduct with a willful and conscious disregard of Plaintiff'

fundamental rights. Defendants and these persons used their superior power and authority over

the Plaintiff along with threats and intimidation to subject Plaintiff to cruel and unjust hardships

in conscious disregard of Plaintiff' rights. All of the foregoing conduct was undertaken by the

Defendants and their owners, managing agents, senior executives, supervisors, directors and

officers. Accordingly, Plaintiff also seeks any allowable and/or appropriate punitive or

exemplary damages which may be or become available against Defendants in an amount

appropriate to punish and make an example of them in addition to the other damages sought

herein, subject to applicable law.

## V. FIFTH CAUSE OF ACTION BY PLAINTIFF

## AGAINST  EACH DEFENDANT

## FOR WRONGFUL AND/OR CONSTRUCTIVE TERMINATION

82. Plaintiff realleges and incorporates herein by this reference Paragraphs 1-81 above as

though set forth fully here.

83.  It is the public policy of the State of California to encourage employees to notify

employers and an appropriate government or law enforcement agency, person with authority

over the employee, or another employee with authority to investigate, discover, or correct the

violation or noncompliance, and to provide information to and testify before a public body

conducting an investigation, hearing or inquiry, when they have reason to believe their employer

43

is violating a state or federal statute, or violating or not complying with a local, state or federal rule or regulation.

84. More specifically, California Constitution, Article I, Section 8, the Civil Rights Act and FEHA (the "Civil Rights Acts"), prohibit, among other things, employment discrimination based on race, age, creed, disability, color or national or ethnic origin. As stated previously, this includes the State of California's public policy as codified in California Government Code Sections 12940(a) and (h)-(k)] prohibiting discrimination, harassment and retaliation based upon (among other things) race and age. Plaintiff is a protected-class (former) employee of Defendants who sought to exercise Plaintiff's rights under FEHA. In addition, Labor Code Section 1102.5(a) et seq. protects Plaintiff and other employees from retaliation due to so-called "whistle-blowing" (i.e., retaliation for reporting unlawful conduct to the proper governmental, internal and/or other agencies).

85. In addition, California Labor Code Section 923 sets forth the State of California's public policy and provides in part that an employee shall be free from the interference, restraint and coercion of employers or their agents and also that an employee shall be free to negotiate the terms and conditions of Plaintiff's employment. This public policy also inures to the public at large. The scope of Section 923 is not limited to unionization; but express a broader policy designed to permit employees to negotiate freely with their employees directly and/or through a union[1]. Each of the foregoing provisions sets forth a fundamental public policy. The duty imposed upon employers, including the Defendants, from each of these provisions inures to the benefit of the public at large. Plaintiffs attempted to negotiate and participate in a process which would improve work conditions for her and other employees. More specifically,

---

[1] See e.g., *Gelini v. Tishgart* (1999) 77 Cal. App. 4th 219, 227, 91 Cal. Rptr. 2d 447, 452.

Plaintiff strived to convince Defendants to treat Plaintiff and other employees in a fair, lawful and equitable manner consistent with FEHA and to eliminate discrimination, harassment and retaliation in the workplace. Plaintiff was unlawfully and unjustly, constructively terminated by Defendants for these efforts in clear violation of California's public policy. After the working conditions described hereinabove (throughout this entire complaint) occurred and Plaintiff sought relief from Defendants; conditions only worsened. Defendants engaged in the Retaliatory Conduct and other unlawful conduct alleged hereinabove to force Plaintiff to quit. The work conditions became so unbearable that Plaintiff had no choice but to terminate Plaintiff's employment.

86. Plaintiff complained of the discrimination, harassment and retaliation alleged herein. In retaliation therefor, Defendants suspended and terminated Plaintiff's employment. Defendants had no legitimate reason, no neutral reason nor any business purpose to terminate Plaintiff's employment other than to punish Plaintiff from making the complaints and to have a chilling effect on the other potential plaintiffs and their complaints of discrimination, harassment and retaliation. But for the conduct undertaken by Defendants, Plaintiff would not have had the employment relationship with the Corporate Defendant threatened, placed in jeopardy or otherwise adversely affected. However, instead, the Defendants engaged in conduct which caused and led to the actual and/or constructive termination of Plaintiff's employment by engaging in such conduct. Such termination, whether actual, constructive and/or pending, was in clear violation of Plaintiffs' pursuit of their Constitutional rights, contrary to the Acts and California's public policy set forth hereinabove and not in compliance with Defendants' internal policies (e.g., notice period, severance pay and progressive discipline).

87. Accordingly, Plaintiff was effectively, actually, constructively and/or in the process of being wrongfully and tortiously discharged by the Defendants and is entitled to relief therefor as part of the State of California's public policy prohibiting discrimination, harassment and retaliation therefor under FEHA and otherwise. The applicable Unlawful Conduct alleged herein

45

and throughout this complaint was motivated by Plaintiff's lawful responses to the Unlawful Conduct as alleged herein and ultimately by Plaintiff's protected status in each event.

88. In addition to the manifest discriminatory intentions of Defendants and their officers, directors, executives, managing agents, etc.; Defendants' failures and refusals to engage in proper training, supervision, hiring, background checking and other proper human resources functions contributed to the hostile and discriminatory work environment that Plaintiffs was subjected to during Plaintiff's employ as well as the conduct alleged herein. The Defendants knew, were informed and apprised and recklessly disregarded the fact that the conduct described herein and other incidents of discrimination were occurring and had occurred and failed to take reasonable steps to prevent and/or discontinue the discrimination and harassment from occurring. In fact, Defendants allowed such conditions to persist and actually condoned, accepted, encouraged, facilitated and furthered such conduct. The Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice in violation of the Fair Employment and Housing Act and California Constitution Article I, Section 8. Such conduct was undertaken, condoned, approved and directed by the Defendants and their individual employees who were Plaintiffs' supervisors. Accordingly, Plaintiffs alleges that all Defendants are strictly liable for the conduct of these individuals.

89. As a direct, foreseeable, legal, actual and proximate result of the Defendants' conduct alleged hereinabove and Plaintiff reporting such acts to Defendants as well as due to Plaintiff's refusal to engage in and acquiesce to such unlawful acts and the Unlawful Conduct; Defendant engaged in a pattern of harassment against Plaintiff which included, without limitation, attacks on Plaintiff's credibility, disruption of Plaintiff's job efforts and duties, denying Plaintiff access to information, false accusations and disparagement of Plaintiff's reputation, undermining Plaintiff's authority and performance of her job duties and other similar and dissimilar conduct. As a further direct, foreseeable, legal, actual and proximate result of the Defendants' discriminatory acts, the Unlawful Conduct and the Retaliatory Conduct; Plaintiff has suffered

and continues to suffer substantial losses in earnings, job benefits, quality of life, goodwill; and has suffered and continues to suffer humiliation, ridicule, contempt, embarrassment, severe mental and emotional distress, damage to Plaintiff's reputation, discomfort and other damages, the precise amount of which will be proven at trial.

90. Defendants, their senior executives, managing agents, managers, directors and officers committed the acts described in this cause of action intentionally, willfully, oppressively, fraudulently and maliciously for the purpose of injuring Plaintiff and depriving Plaintiff of her rights. The Discriminatory Conduct, the Retaliatory Conduct and the other conduct complained of herein undertaken by Defendants was extremely reckless and capricious and subjected Plaintiff to cruel and unjust hardships. The recklessness was despicable and done in conscious disregard of Plaintiff's fundamental rights. Furthermore, such conduct on the part of Defendants and those persons was intentional, oppressive, fraudulent, malicious and done in a wanton effort to deprive Plaintiff of her fundamental rights. Defendants and those persons intended to cause injury to Plaintiff and engaged in conduct with a willful and conscious disregard of Plaintiff's fundamental rights. Defendants and these persons used their superior power and authority over the Plaintiffs along with threats and intimidation to subject Plaintiffs to cruel and unjust hardships in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff also seeks any allowable and/or appropriate punitive or exemplary damages which may be or become available against Defendants in an amount appropriate to punish and make an example of them in addition to the other damages sought herein, subject to applicable law.

Paragraphs 91-98 intentionally omitted.

## VI. SIXTH CAUSE OF ACTION BY PLAINTIFF

## AGAINST EACH DEFENDANT FOR

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND DISABILITY
## DISCRIMINATION UNDER FEHA

99. Plaintiff realleges and incorporates herein by this reference Paragraphs 1-98 above as though set forth fully here.

100. This action is brought pursuant to the California Fair Employment and Practices Act and California Government Code Sections 12940 et seq. which prohibits harassment against a person based upon their protected status; including, such as the case in this claim, for discrimination against a person in the terms, conditions, or privileges of employment on the basis of the person's disability.

101. This Cause of Action is also brought pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) which provides that employment discrimination is prohibited against "qualified individuals with disabilities." This includes applicants for employment and employees. An individual is considered to have a "disability" if s/he has a physical or mental impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such an impairment. Persons discriminated against because they have a known association or relationship with an individual with a disability also are protected.

102. Plaintiff suffered from a disability which was primarily caused by (and/or substantially exacerbated by) the Unlawful Conduct alleged herein. Such disability, in each instance, involved a series of emotional distress and psychological damage which substantially limited Plaintiff's mental and physical ability to perform their normal job duties without a reasonable accommodation. As a result of each of the foregoing disabilities, Plaintiff was subject to disparate treatment, harassment and a hostile working environment by the Defendants on an ongoing basis until, at the latest, such time as the Corporate Defendant constructively and/or actually terminated Plaintiff's employment. Such conduct occurred due to the Defendants'

discriminatory motives and as a result of the Defendants unwillingness to comply with the provisions of FEHA and/or the ADA; including without limitation, the requirement that the Defendants engage in a good faith, interactive process with respect thereto. Defendants intentionally discriminated against Plaintiff because of Plaintiff's disability and sought to cause Plaintiff harm by exacerbating such disabilities in retaliation for making such claims against Defendants, seeking a good faith interactive process and seeking a reasonable accommodation. Plaintiff notified Defendants of both each disability, in writing and verbally, which imposed separate duties on Defendants to engage in a good faith interactive process and to make reasonable accommodations pursuant to Cal. Gov. Code § 12940(n) and under the ADA. Also, pursuant to Defendants' internal policies, each such Plaintiff was entitled to administrative review of their medical condition and to be afforded reasonable accommodations which would permit each Plaintiff to perform their job duties.

103. Rather than engaging in the interactive process and/or making a reasonable accommodation to Plaintiff; Defendants failed and refused to engage in a good-faith, interactive process and failed and refused to offer and/or maintain a reasonable accommodation to Plaintiff. Plaintiff's disability was a qualified disability under the American With Disabilities Act. Instead of complying with applicable law and/or engaging in a good-faith, interactive process; Defendants engaged in the Unlawful Conduct and unlawful harassment alleged herein and did not take reasonable steps to offer Plaintiff a reasonable accommodation and/or a work environment free of the Unlawful Conduct. Defendants also failed and refused to take Plaintiff and Plaintiff's disability seriously and failed and refused to offer Plaintiff the support that other non-disabled employees received in connection with their claims and/or attempts to enforce the law and/or the Defendants' internal policies.

104. Plaintiff requested further investigation of each of their claims for disability discrimination and for a reasonable accommodation. In addition, Plaintiff requested that Defendants provide Plaintiff with protection from the harassment and hostile environment and

49

refrain from the foregoing discrimination based upon Plaintiff's disability. Defendants refused and further failed and refused to engage in the good faith interactive process and denied Plaintiff a reasonable accommodation without even considering Defendants' legal obligation to interactively engage with each Plaintiff with respect thereto.

105.  As a result, each Plaintiff was not afforded the benefit of FEHA and/or ADA as it related to such Plaintiff's disability. Each Plaintiff's disability and medical condition was a substantial and determining factor in Defendants' decision to engage in the conduct described herein. This conduct permeated the workplace in such a manner that it substantially affected Plaintiff's ability to perform Plaintiff's job functions and caused injuries and damages to Plaintiff. Rather than fairly and properly considering Plaintiff's disability and engaging in a good-faith, interactive process; Defendants elected to ignore Plaintiff's disability and punish each Plaintiff for making a disability claim by denying any relief to Plaintiff and/or other reasonable accommodations which would have permitted Plaintiff to perform the essential requirements of Plaintiff's job without adversely impacting the requirements of said job.

106.  As a direct, foreseeable, legal, actual and proximate result of the Defendants' violations of Labor Code Section 1102.5 as alleged herein and otherwise (the "Whistleblower Retaliation"); each Plaintiff has suffered and continues to suffer substantial losses in earnings, job benefits, quality of life, goodwill; and has suffered and continues to suffer humiliation, ridicule, contempt, embarrassment, severe mental and emotional distress, damage to each Plaintiff's reputation, discomfort and other damages, the precise amount of which will be proven at trial. In each instance, Defendants (and each of them) failed and refused to: (a) take reasonable steps to prevent harassment, (b) utilize the procedures put in place by Defendants to purportedly address allegations of discrimination, harassment and retaliation and (3) allow each Plaintiff to engage in the stated procedure(s) and policy(ies) of Defendants which theoretically would have prevented some of the harassment, discrimination, retaliation and (potentially) minimized each Plaintiff's damages. Instead Defendants (and each of them) engaged in the

retaliatory conduct alleged herein and disrupted and terminated the policies and processes stated by Defendants which may have otherwise minimized same.

107.  Defendants, their senior executives, managing agents, managers, directors and officers committed the acts described in this cause of action intentionally, wilfully, oppressively, fraudulently and maliciously for the purpose of injuring Plaintiffs and depriving Plaintiffs of Plaintiffs' rights. The Unlawful Conduct, the Retaliatory Conduct and other discriminatory acts of these persons and Defendants was extremely reckless and capricious and subjected Plaintiffs to cruel and unjust hardships. The recklessness was despicable and done in conscious disregard of Plaintiffs' fundamental rights. Furthermore, such conduct on the part of Defendants and those persons was intentional, oppressive, fraudulent, malicious and done in a wanton effort to deprive Plaintiffs of Plaintiffs' fundamental rights. Defendants and those persons intended to cause injury to Plaintiffs and engaged in conduct with a willful and conscious disregard of Plaintiffs' fundamental rights. Defendants and these persons used their superior power and authority over the Plaintiffs along with threats and intimidation to subject Plaintiffs to cruel and unjust hardships in conscious disregard of Plaintiffs' rights. All of the foregoing conduct was undertaken by the Defendants and their owners, managing agents, senior executives, supervisors, directors and officers. Accordingly, Plaintiffs also seeks any allowable and/or appropriate punitive or exemplary damages which may be or become available against Defendants in an amount appropriate to punish and make an example of them in addition to the other damages sought herein, subject to applicable law.

## PRAYER FOR RELIEF

WHEREFORE , Plaintiff prays judgment against Defendants as follows:

1. For general and special damages according to proof;

2. For special damages according to proof;

3. For interest, according to law, on the amount to be ascertained at trial from the applicable date upon which that interest begins to accrue according to law and as proved at trial;

4. For any and all costs and attorneys' fees as provided by law;

5. For allowable and applicable punitive damages in an amount sufficient to deter Defendants from engaging in such conduct again in the future; and

6. For any other and further relief according to proof, any applicable law and/or that the Court considers proper.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury of the foregoing causes of action.


DATED: December 15, 2018

*Michael Traylor*

_____
Michael S. Traylor, Esq.
Attorney for Plaintiff