# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-00809-SVW-JPR | Date | April 5, 2019 |
| Title | *Russell Green v. Warner Bros. Entertainment, Inc.* | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING PLAINTIFF'S MOTION TO REMAND [8]

Plaintiff Russell Green originally filed this employment discrimination action in state court on December 27, 2018. Dkt. 1-1. Defendant Warner Brothers Entertainment Inc. removed to this Court on February 1, 2019. Dkt. 1. Before the Court is Plaintiff's motion to remand. Dkt. 8.

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

Defendant removed on the basis of federal-question jurisdiction. Dkt. 1 ¶¶ 11-12. In particular, Plaintiff's sixth claim, for employment discrimination on the basis of disability, is expressly brought pursuant to the federal Americans with Disabilities Act.

Plaintiff attempts to remand on the ground that the Court lacks subject-matter jurisdiction. Dkt.

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-00809-SVW-JPR | Date | April 5, 2019 |

| Title | *Russell Green v. Warner Bros. Entertainment, Inc.* |

8. Plaintiff acknowledges that the "Sixth Cause of Action referenced the ADA," but contends that "[a]s California's disability laws are inextricable from the ADA, it is not unusual that the ADA is mentioned in State Court pleadings" and "the matter clearly belongs in State Court." *Id.* at 4. Plaintiff further argues that "this claim is only based upon the ADA to the extent that California's state disability laws . . . have embraced the ADA" and that "all ADA-based claims are pendant to the state-law discrimination claims." *Id.* at 6.

     The Court agrees with Defendant that the Complaint brings a federal claim under the ADA. Paragraph 101 of the Complaint states: "This Cause of Action is also brought pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) which provides that employment discrimination is prohibited against 'qualified individuals with disabilities.'" Dkt. 1-1 ¶ 101. Subsequent paragraphs make additional references to violations of the ADA's statutory provisions. *See id.* ¶¶ 102-103, 105. Accordingly, the Court DENIES Plaintiff's motion to remand because it does not lack subject-matter jurisdiction. However, if he did not intend to bring a claim under federal law, Plaintiff is not precluded from seeking leave to file an amended complaint.

     IT IS SO ORDERED.

                                                                                                         :

Initials of Preparer

                                                                                             PMC